**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4250**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

AVERY DEMOND JETER,

        Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., Senior District Judge. (7:07-cr-00695-GRA-1)

Submitted: December 20, 2010      Decided: January 13, 2011

Before KING, SHEDD, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Maxwell Cauthen, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Avery Demond Jeter pled guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (2006) (count one), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2006) (count three). The district court initially imposed a sentence of 120 months on count one and 262 months on count three, to run concurrently to count one. By joint motion of the parties, we remanded for resentencing to correct the sentence because a sentence pursuant to § 924(c) is required by statute to run consecutive to any other sentence. At resentencing, the district court again imposed a total sentence of 262 months' imprisonment, but imposed 120 months on count one and a consecutive 142 months on count three. On appeal, Jeter challenges his 262-month sentence, arguing the district court did not adequately explain the reason for its chosen sentence. We affirm.

This court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the

2

[18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, [this court] review[s] for abuse of discretion" and will reverse if such an abuse of discretion is found unless the court can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, "the district court must state in open court the particular reasons supporting its chosen sentence [and] set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal citation and quotation marks omitted). If "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Lynn, 592 F.3d at 578; see also United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010) ("[A] defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review.").

Jeter asserts that the district court committed procedural error by failing to adequately explain the sentence imposed. Jeter's arguments in the district court for a sentence below the recommended Guidelines range preserved his claim of procedural sentencing error on appeal. Id. These arguments "sufficiently alert[ed] the district court of its responsibility to render an individualized explanation addressing those arguments." Lynn, 592 F.3d at 578. Therefore, we review any procedural sentencing error for abuse of discretion and reverse unless the error was harmless. Id. at 579. This standard requires that the Government bear the burden of establishing that the error did not affect Jeter's substantial rights. United States v. Robinson, 460 F.3d 550, 557 (4th Cir. 2006). Specifically, the Government "may avoid reversal only if it demonstrates that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

We have reviewed the record and agree with the Government that any procedural sentencing error in this case was harmless, as we have no doubt that the district court assessed

4

Jeter's arguments in applying the § 3553(a) factors. See id. at 839. At the first two sentencing hearings, the district court afforded Jeter an opportunity to allocute and defense counsel an opportunity to argue for a sentence below the Guidelines range; namely, overrepresentation of criminal history, Jeter's troubled childhood, and new parental responsibilities. The court addressed in detail Jeter's extensive criminal history, ensured that all of his objections had been addressed, and stated that it had considered the § 3553(a) factors before imposing sentence. At resentencing, the court explicitly stated that it had considered Jeter's request for a downward variance based on his work in prison. Additionally, in imposing the same total sentence as previously imposed, the court explicitly referenced its consideration of several of the § 3553(a) factors.

We are satisfied that the district court considered the parties' arguments and had a reasoned basis for the sentence imposed, Boulware, 604 F.3d at 837, and that this sentence would not be impacted by a more thorough explanation. See also Rita v. United States, 551 U.S. 338, 359 (2007) ("Where . . . the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."). Accordingly, we affirm Jeter's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED